### BOYD v. CAUTHEN.

1. Under section 400 of the Code a party is prohibited from testifying that an account with one now deceased was correct, as such testimony was, in substance and effect, a statement that the services had been rendered under a contract or upon request.

2. The competent testimony being too vague to sustain the judgment of a trial justice, the Circuit Judge did not err in remanding the case for a new trial.

Before WALLACE, J., Lancaster, October, 1887.

This was an action by J. B. Boyd against L. J. Cauthen, as administrator of A. J. Kibler, deceased, begun in a trial justice court on August 20, 1887. The opinion states the case.

*Mr. Ira B. Jones,* for appellant.

· *Mr. R. E. Allison,* contra.

February 11, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendant, respondent, was sued before a trial justice at Lancaster C. H., as administrator of the estate of one A. J. Kibler, deceased, on an account for services alleged to have been rendered to the said Kibler. A copy of the account was served with the summons, as follows: "1883. A. J. Kibler to J: B. Boyd. May 20th. To one month's service going to and from plantation during sickness, $35.00." The plaintiff testified that the account was correct, that the services were rendered and were worth $35.00, or more. This testimony was objected to as obnoxious to section 400 of the Code. Two other witnesses were examined for the plaintiff, who testified that some services were rendered, but they knew nothing positive or definite as to character or amount of said services, or as to any contract between the parties. The defendant offered no witness. The trial justice gave judgment for the plaintiff for the amount of the account. Upon appeal to the Circuit Court, his honor, Judge Wallace, presiding, granted a new trial, holding that the plaintiff's testimony was incompetent, or at least so much thereof as went to the contract, and that the other evidence, taken as a whole, was too indefinite to support the decree of the trial justice.

We concur with the Circuit Judge. So much of the testimony of the plaintiff as stated that the account was correct, was a statement, in substance and effect, that the services had been rendered upon a contract, or at least upon request or employment, and

was, therefore, testimony as to a transaction between himself and the deceased, and in that view clearly obnoxious to the section of the code mentioned, consequently incompetent. This testimony being stricken out, the only remaining question was as to the sufficiency of the other testimony. The Circuit Judge held this insufficient, and gave a new trial. There was no error here. The only question of law involved in the case was the one in regard to the plaintiff's evidence, and the Circuit Judge having ruled that against the appellant correctly, the question of the sufficiency of the remaining testimony was for him. Under the circumstances, a new trial was as much as the plaintiff could ask.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.